IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Lázaro Rizo,<br><br>Plaintiff<br><br>Vs.<br><br>AXA Equitable Life Insurance Company,<br><br>Defendant | Civil No.:<br><br><br>Breach of Insurance Contract;<br>Declaratory Judgment;<br>Damages<br><br>TRIAL BY JURY DEMANDED |

## COMPLAINT

**TO THE HONORABLE COURT:**

Comes now Plaintiff through the undersigned counsel, and very respectfully submits this Complaint and, accordingly, states, alleges and prays:

### I. Nature of Action

1. This is a breach of life insurance contract claim against the defendant. Specifically, Mr. Rizo seeks compensation for the damages he has sustained and will continue to sustain due to defendant's decision to unilaterally and without sufficient credible medical grounds withdraw Plaintiff's absolute contractual right to the total disability premium waiver benefits contained in his life insurance policy with AXA. As a consequence, Plaintiff stand to lose life insurance coverage valued at seven hundred thousand dollars ($750,000.00) if he does not make payment of monthly premiums he claims is not in the obligation to make in view of his total disability as defined in the policy.

2. In the alternative, this is a declaratory judgment in which Plaintiff request remedy from this Court to grant a declaratory judgment to define the legal rights and obligations of

Plaintiff and AXA in view of some present and future misconduct of AXA, so that the parties can establish their conduct to avoid future protracted litigation. Specifically, Mr. Rizo seeks a declaratory judgment declaring that he is totally disabled as defined in Axa's policy, that he has the absolute right to the total disability premium waiver benefit clause contained in the policy, and that he does not have any obligation to make regular premium payments (presently or in the future) in view of his disability. Mr. Rizo also seeks declaratory judgment in which this Court declares that AXA has the obligation to put Mr. Rizo's policy back on total disability premium waiver status permanently, and that AXA has the obligation to return any premium payments made by Rizo on or after August 4, 2013.

## II. Jurisdiction and Venue

3. This Court has jurisdiction to hear this action pursuant to 28 U.S.C. sec. 1332, since there is complete diversity between the parties and the amount in controversy exceeds seventy five thousand dollars ($75,000.00), exclusive of costs and interests.

4. Venue is proper in the District of Puerto Rico pursuant to 28 U.S.C. sec. 1391, since the material events that gave rise to this cause of action occurred in the District of Puerto Rico.

## III. The Parties

5. Lázaro Rizo ("Rizo") is of legal age and citizen of Las Piedras, Puerto Rico. Rizo is suffering the adverse consequences of Defendant's decision to terminate his benefit of total disability premium waiver and the inaction of Defendant to reconsider such decision for which breach of contract, declaratory judgment and damages are sought.

6. Defendant AXA Equitable Life Insurance Company ("AXA") is a foreign corporation in good standing, organized under the laws of a state other than the Commonwealth

of Puerto Rico and with principal place of business in Charlotte, North Carolina or in a state other than the Commonwealth of Puerto Rico.

### IV. The Facts

7. On February 4, 1988, Rizo bought the Adjustable Life Insurance Policy Number 038607247 from AXA ("policy").  Such policy had Basic Coverage, Accidental Death Benefit and a Disability Premium Waiver benefit, among other benefits.

8.   The Disability Premium Waiver benefit allows the insured to cease monthly payment of insurance premiums if a determination of total disability is made.

10.     The Disability Premium Waiver Rider, page R83-201 of the policy, states the following related to the definition of Total Disability:

> "**What is Total Disability?**  Total disability means complete inability, because of bodily injury or disease, to engage in any gainful occupation for which the insured person is reasonably fitted by education, training or experience.
>
> We will also recognize the complete and irrecoverable loss of sight of both eyes, or the use of both hands or both feet, or of one hand and one foot as total disability."
>
> […]
>
> **"You Must Give Us Proof of Disability.**  Before we waive any premiums, we must receive written notice of claim, and proof that total disability of the insured person has existed continuously for at least six months.  This must be done while total disability continues and while the insured person is still living, or as soon as reasonably possible.
>
> We may require proof at reasonable intervals that total disability continues.  After total disability has continued for two years we will not require proof more that once a year.  We will not require proof after the age 65 anniversary if premiums have been waived for the five preceding years.

> We may require examination of the insured person by our medical representatives as part of any proof of total disability.
>
> We will not waive premiums if proof is not furnished as required."

11. Mr. Rizo has a scholar degree equivalent to ninth (9th) grade.

12. Mr. Rizo is the owner of a bakery in Caguas, Puerto Rico, and for most of his adult life, until his tracheotomy, he was a hands-on baker, seller, owner and administrator of his bakery. It is the only profession or activity Mr. Rizo knows, but has had to delegate and abandon because he is truly totally disabled to perform his occupation and can no longer perform the myriads of activities associated therewith, particularly with his customers and general public that visit his bakery.

13. In 2003, Mr. Rizo was diagnosed with cancer, which led to the total removal of his larynx, by a tracheotomy, and the total loss of his ability to talk naturally.

14. Mr. Rizo has to use artifacts to be able to communicate and has a deep hole in his throat through which, when uncovered, you could see the big hole that makes him disable.

15. Mr. Rizo is unable to be near the heat of the ovens and the moisture and humidity that is present in the bakery affects Mr. Rizo's condition and causes him a lot of phlegm, coughs and other uncomfortable symptoms; for him and for his customers.

16. Mr. Rizo has an opening in his trachea (through which he coughs with a paper towel placed in front of his throat), which is very unaesthetic and unpleasant and scare bakery customers away. All of this aggregates to his inability to give reasonable customer service, bake, clean or administer his own business.

17. In 2004 Mr. Rizo requested from AXA the benefit of total disability premium waiver under the Disability Premium Waiver Rider of his policy, in compliance with the dispositions of the Disability Premium Waiver Rider as cited above.

18. Such request of total disability premium waiver was granted by AXA.

19. Notwithstanding, on June 26, 2013, AXA sent a letter notifying Mr. Rizo that AXA made the decision of putting Mr. Rizo's policy back on regular premium paying status. AXA requested payment of premium to resume August 4th, 2013.

20. Mr. Rizo did not consent to the sudden and unjustifiable change regarding his premium paying status.

21. On August 1st, 2013, Mr. Rizo sent a letter to AXA and requested additional review or that consideration be given to his case so that the company reconsider the termination of the premium waiver benefit. Rizo's contention is that the premium waiver benefit should not have been terminated and that the total disability premium waiver benefits must apply forever due to his total disability as defined in AXA's policy.

22. In his letter, Mr. Rizo allowed AXA until August 20, 2013 to inform of its final decision to grant the total disability premium waiver on a permanent basis.

23. As a precautionary or mitigating step only, without waiving any of Mr. Rizo's legal and contractual rights, a check for the payment due August 4th, 2013 - as demanded by AXA in its June 26, 2013 letter - was included in protest with the reconsideration letter.

24. Such payment was made under protest while this issue is resolved, and was requested that it be returned to Mr. Rizo by no later than August 31st, 2013.

25. On August 16, 2013 a response was received from AXA, who acknowledged the receipt of the request for reconsideration of the termination of the total disability premium waiver claim. AXA alleged that the appeal, as AXA calls it, is currently under review and that AXA would contact Rizo in writing.

26. No such contact has been received as of today.

## V. First Cause of Action

27. Any court of the United States may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such. 28 U.S.C. § 2201.

28. In anticipation of some resent and future misconduct of AXA and to avoid future protracted litigation, Mr. Rizo seeks a declaratory judgment that proclaims that, due to his total disability as defined in his policy, Mr. Rizo is entitled and has the absolute right to the total disability premium waiver benefit for now and forever.

29. In anticipation of some resent and future misconduct of AXA and to avoid future protracted litigation, Mr. Rizo seeks a declaratory judgment that declares that the medical evidence Mr. Rizo submitted to AXA in compliance with the requisites of his policy, as well as his actual medical condition, is indicative that he is totally disabled to perform any occupation for which he is suited, educated, and experienced.

30. In anticipation of some resent and future misconduct of AXA and to avoid future protracted litigation, Mr. Rizo seeks a declaratory judgment that states that, as a result of his total disability, as defined in his policy, Mr. Rizo does not have the obligation to pay premiums whatsoever to AXA in order to keep his life insurance policy in force.

31. In anticipation of some resent and future misconduct of AXA and to avoid future protracted litigation, Mr. Rizo seeks a declaratory judgment that declares that AXA has the obligation to put Mr. Rizo back into the total disability premium waiver status.

32. In anticipation of some resent and future misconduct of AXA and to avoid future protracted litigation, Mr. Rizo seeks a declaratory judgment that declares that AXA did not and does not have any right to put Mr. Rizo policy back on regular premium paying status.

33. In anticipation of some resent and future misconduct of AXA and to avoid future protracted litigation, Mr. Rizo seeks a declaratory judgment that declares that AXA has the obligation to return Mr. Rizo any and all checks for the payment of insurance premium made to AXA after August 4th, 2013.

34. In the alternative, Plaintiff has the right to claim damages for breach of contract by AXA due to its unfounded decision to terminate Plaintiff's right of his total disability premium waiver benefit. These damages may well exceed the policy coverage of $750,000.00, if Plaintiff becomes unable to pay the premium AXA has now forced him to pay.

## VIII.  Additional Damages

35. Rizo has suffered severe mental anguish for having to prove once again his disability and for losing his long acquired benefits of total disability premium waiver as a consequence of the resent acts of AXA. This emotional and mental damages suffered by a man in his sixties with cancer diagnosis translates to monetary damages estimated in excess one hundred thousand dollars ($100,000.00) for which Defendant is liable.

36. As a result of AXA's breach of insurance contract, the Plaintiff has been forced to incur and will incur in premium expenses, legal expenses and other expenses related to the protection of the contractual rights of Rizo. These expenses are estimated to exceed one hundred thousand dollars ($100,000.00) for which Defendant is liable.

## IX. Prejudgment Interest, Attorneys Fees and Cost

37. In the event AXA denies its obligations in the occurrence of the events or damages caused to Plaintiff, by assuming such reckless conduct, Plaintiff is entitled to pre judgment interest to be computed over the amount recovered through this Complaint, as well as a reasonable amount of attorney's fees, as permitted by law.

## X. Trial by Jury

38. Plaintiff demands that the instant action be tried before a jury.

**WHEREFORE**, Plaintiff respectfully request from this Honorable Court a determination that AXA has breached its contract with Rizo entering a judgment against AXA for the damages sustained by Plaintiff and, in the alternative, that a declaratory judgment against AXA declaring that Mr. Rizo has forever the right to the total disability premium waiver be entered, as well as for an award of costs, attorney's fees, interests and any other relief the Court might deem proper, regardless of whether said remedy was claimed or not.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 30th day of September, 2013.

/s/Humberto Guzmán-Rodríguez
HUMBERTO GUZMÁN-RODRÍGUEZ
USDC-PR 128308
PMB 733
1353 Luis Vigoreaux Ave.
Guaynabo, PR 00966
Tel: (787) 767-7502; Fax: (787) 200-7399
Mobile: (787) 403-2292
hguzman@grllaw.net